IN THE SUPREME COURT OF THE STATE OF NEVADA

SELVIN EDUARDO ZECENA-VALDEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78220

FILED

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of four counts of sexual assault on a child, five counts of lewdness with a child under 14 years of age, and one count of attempted sexual assault on a child.[1] Second Judicial District Court, Washoe County; Lynne K. Simons, Judge. Appellant Selvin Zecena-Valdez raises three main contentions on appeal.

Zecena-Valdez first argues that the district court used the wrong standard to exclude his proffered prior bad acts evidence regarding the victim's parents' motive to have the victim fabricate charges against him. We review for plain error because Zecena-Valdez argued below that the test from *Tinch v. State,* 113 Nev. 1170, 1176, 946 P.2d 1061, 1064-65 (1997) (providing that to be admissible, bad act evidence must be relevant for a nonpropensity purpose, proven by clear and convincing evidence, and not unduly prejudicial when weighed against its probative value) applied, but argues on appeal that the federal test should apply, *see United States v.*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-18630

*Stevens*, 935 F.2d 1380, 1404-05 (3d Cir. 1991) (weighing "the evidence's probative value against considerations such as undue waste of time and confusion of the issues"). *See LaChance v. State*, 130 Nev. 263, 271, n.1, 321 P.3d 919, 925, n.1 (2014) (reviewing for plain error where the defendant acquiesced to the standard used by the district court but argues for a different standard on appeal). We find no such plain error where the district court used the test approved by this court. *See Jeremias v. State*, 134 Nev. 46, 50, 412 P.3d 43, 48 (2018) (defining a plain error as one "that is clear under current law from a casual inspection of the record"); *Collman v. State*, 116 Nev. 687, 701-02, 7 P.3d 426, 435-36 (2000) (utilizing the *Tinch* test to evaluate the admissibility of evidence proffered by the defendant of other acts by a state witness). And we decline to adopt the federal test.

We also conclude that the district court did not abuse its discretion in excluding the proffered evidence. *See Daly v. State*, 99 Nev. 564, 567, 665 P.2d 798, 801 (1983) (reviewing the decision to exclude evidence for an abuse of discretion and providing that this court will not overturn that decision absent manifest error). Zecena-Valdez sought to admit evidence that the victim's parents offered to drop the charges if Zecena-Valdez forgave the money they owed him and that the victim's dad was the actual perpetrator. But, Zecena-Valdez offered no documentary support for the alleged loans and failed to show the evidence was being offered for nonpropensity purposes and we see no abuse of discretion in the district court's conclusions that the probative value of the evidence

regarding the debt was outweighed by the jury confusion it would cause[2] and that the clear-and-convincing-evidence standard was not met as to the allegations against the victim's father.[3] *See* NRS 48.045(2) (prohibiting the admission of evidence of other crimes, wrongs, or acts to prove a person's character); *Tinch*, 113 Nev. at 1176, 946 P.2d at 1064-65; *State v. Rincon*, 122 Nev. 1170, 1177, 147 P.3d 233, 238 (2006) (reiterating that, at evidentiary hearings, "the district court is in the best position to adjudge the credibility of the witnesses and the evidence"). And while there is no question that Zecena-Valdez has constitutional rights to present a defense and to cross-examine witnesses, *see California v. Trombetta*, 467 U.S. 479, 486 (1984); *Ramirez v. State*, 114 Nev. 550, 557, 958 P.2d 724, 728 (1998), he still must comply with established rules of evidence, *see Chambers v. Mississippi*, 410 U.S. 284, 302 (1973); *Brown v. State*, 107 Nev. 164, 167, 807 P.2d 1379, 1381 (1991), which, as stated above, he failed to do in this case.

Second, Zecena-Valdez argues that the State committed reversible prosecutorial misconduct when it accused him of lying in front of

---

[2]And, regardless, Zecena-Valdez still questioned witnesses regarding a financial bias against him and informed the jury, via a stipulation, that the victim's parents owed him $7,040. *See Baltazar-Monterrosa v. State*, 122 Nev. 606, 619, 137 P.3d 1137, 1145-46 (2006) (reiterating that the district court's discretion is narrowed where an examiner is attempting to expose witness bias).

[3]Zecena-Valdez' reliance on *Coleman v. State*, is misguided because, in that case, the excluded evidence strongly negated the defendant's guilt. 130 Nev. 229, 238-43, 321 P.3d 901, 908-11 (2014). In contrast, none of the evidence Zecena-Valdez proffered demonstrated that the victim's father perpetrated the crimes charged.

the jury, improperly vouched for its witnesses, assured the jury that defense witnesses were incredible, and misrepresented evidence during closing arguments. In reviewing such arguments, we determine "whether the prosecutor's conduct was improper" and, if so, whether reversal is warranted. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). Reversal is not warranted if the error was harmless. *Id.*

The State admits it committed misconduct by telling Zecena-Valdez, in front of the jury, that he lied in his testimony about the amount of money the victim's parents owed him. *See Witherow v. State*, 104 Nev. 721, 724, 765 P.2d 1153, 1155 (1988) (reiterating that is improper to characterize a witness's testimony as a lie). We conclude, however, that the error was harmless since it was a fleeting moment in the trial; the comment did not involve any of the allegations against Zecena-Valdez; and the court admonished the State and instructed the jury, at the time and at the end of the case, not to consider statements of the attorneys as evidence and to disregard the parties' exchange.[4] *See Valdez*, 124 Nev. at 1188-89, 196 P.3d at 476 (explaining that this court will not reverse a conviction based on prosecutorial misconduct if it did not substantially affect the jury's verdict); *see also Summers v. State*, 122 Nev. 1326, 1333, 148 P.3d 778, 783 (2006)

---

[4]And we see no error resulting from the district court's statement that "the Court had determined previously that [that amount] was not established pursuant to the applicable law," when the parties previously stipulated to the amount owed and Zecena-Valdez attempted to testify in contradiction to that stipulation. We also find no error in the timing of the court's handling of the misconduct—the court immediately conducted a conference outside the jury's presence and thereafter gave a curative instruction.

(noting the general presumption that "juries follow district court orders and instructions").

We also conclude that the State committed misconduct in misstating evidence during its closing arguments including that Zecena-Valdez digitally penetrated the victim in the kitchen; that he placed his mouth on the victim's vagina; that his biting of the victim's breast hurt and bruised her; and that the victim's brother saw the victim in a state of undress with Zecena-Valdez. *See Rose v. State*, 123 Nev. 194, 209, 163 P.3d 408, 418 (2007) (deeming it prosecutorial misconduct to refer to facts not in evidence); *Guy v. State*, 108 Nev. 770, 780, 839 P.2d 578, 585 (1992) (recognizing that a prosecutor may not make statements of fact that exceed the scope of the record). Nonetheless, we conclude these errors were harmless where there was testimony that Zecena-Valdez had otherwise digitally penetrated the victim and performed more offensive acts than having his mouth on her vagina that would support the charges; substantial evidence (two eye witnesses, statements from Zecena-Valdez to the victim's parents that they should believe the victim and that he was sorry, and the victim making consistent statements to her parent and medical personnel regarding the abuse) supported the convictions; and where, of these errors, Zecena-Valdez objected only to the mischaracterization of the brother's testimony. *See Valdez*, 124 Nev. at 1188-89, 196 P.3d at 476; *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (providing that, under plain error review, reversal is only required when the defendant can show that the error affected his substantial rights and "actual prejudice or a miscarriage of justice" occurred).

Reviewing Zecena-Valdez' remaining assignments of prosecutorial misconduct, the record does not show plain error affecting his substantial rights because the challenged statements were fair inferences based on witness demeanor and testimony or responses to Zecena-Valdez' closing argument, and because the prosecutor told the jurors they were solely responsible for judging the witnesses' credibility. *Valdez*, 124 Nev. at 1190, 196 P.3d at 477; *Taylor v. State*, 132 Nev. 309, 324, 371 P.3d 1036, 1046 (2016) (reiterating that a prosecutor's comments expressing opinions or beliefs are not improper when they are reasonable conclusions or fair comments based on the presented evidence); *Rowland v. State*, 118 Nev. 31, 39, 39 P.3d 114, 119 (2002) ("[W]hen a case involves numerous material witnesses and the outcome depends on which witnesses are telling the truth, reasonable latitude should be given to the prosecutor to argue the credibility of the witness—even if this means occasionally stating in argument that a witness is lying"); *Randolph v. State*, 117 Nev. 970, 984, 36 P.3d 424, 433 (2001) ("The State is free to comment on testimony, to express its views on what the evidence shows, and to ask the jury to draw reasonable inferences from the evidence."); *Greene v. State*, 113 Nev. 157, 178, 931 P.2d 54, 67 (1997) (recognizing the appropriateness of rebuttal arguments that directly respond to issues raised by the defense's closing), *receded from on other grounds by Byford v. State*, 116 Nev. 215, 235, 994 P.2d 700, 713 (2000).

Third, Zecena-Valdez argues that cumulative error warrants reversal. Here the charges are grave, but the issue of guilt was not close. Given the sufficient evidence (as stated above), the identified prosecutorial misconduct did not have a cumulative impact on the jury's verdict or deprive

SUPREME COURT
OF
NEVADA

(O) 1947A

6

Zecena-Valdez of a fair trial as the errors' character was not significant in light of the entire trial record. *See Valdez*, 124 Nev. at 1195, 196 P.3d at 481 (considering whether guilt was close, the quantity and character of any errors, and the gravity of the crime charged in addressing cumulative error claims). Having considered Zecena-Valdez' contentions and concluded that they do not warrant reversal, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Lynne K. Simons, District Judge
       Dickinson Wright PLLC
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A